UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAN MELLA MONNERJAHN                                    CIVIL ACTION

v.                                                      NO. 12-0088

TARGET CORPORATION OF MINNESOTA                         SECTION "F"

ORDER AND REASONS

Before the Court is The Target Corporation of Minnesota's motion for summary judgment. For the reasons that follow, the motion is DENIED.

Background

This case arises from personal injuries sustained as a result of falling merchandise.

On August 20, 2010 Jan Mella Monnerjahn was shopping for cleaning supplies in a Target store in Slidell, Louisiana. She was standing in an aisle near a cart stacked with boxes of merchandise, comparing two cleaning products, when without warning a 12-pound box fell from the stacked cart onto her right arm, allegedly causing injury. She did not notice any other customers in the aisle at that time;[1] there was a Target employee on the

---

[1] Target notes that Ms. Monnerjahn admits that she does not know if anyone was on the other side of the cart, which was stacked high with merchandise.

1

other end of the aisle cleaning shelves at the time the box of merchandise -- apparently, a box of Swiffer wet jet refills[2] -- fell.

On August 18, 2011 Ms. Monnerjahn sued The Target Corporation in state court for negligence, seeking to recover for physical pain and suffering, emotional distress, loss of earnings and earning capacity, and medical expenses.  Invoking this Court's diversity jurisdiction, Target removed the lawsuit to this Court.  Ms. Monnerjahn asserts that the boxes were negligently stacked on the merchandise cart by a Target employee, for display or for restocking, and that Target failed to warn customers of the potential danger posed by the haphazardly stacked merchandise.  No one actually saw the box fall.  No one knows why it fell.

Target now seeks summary relief on the ground that Ms. Monnerjahn has produced no evidence establishing the defendant's liability.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact

---

[2]This is how the incident report apparently describes the contents of the box.

to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of her case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress her claims.  Id.  Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed.R.Civ.P. 56(c)(2).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II. Merchant Liability

A merchant's duty to keep customers safe from harm caused by falling merchandise is governed by La.R.S. 9:2800.6A, which provides:

> A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

Encompassed within this duty imposed on merchants is (1) "the responsibility on the part of store employees to place the merchandise safely on the shelf in such a manner that the merchandise will not fall"; (2) the duty "to replace safely on the shelf such merchandise as has been moved or removed"; and (3) the duty imposed on employees "to check the shelves periodically to ensure that the merchandise is in a safe position and does not present an unsafe condition." Pritchett v. Dollar General Corp., 2011 WL 1940435, at *4 (La.App. 1 Cir. May 6, 2011)(citations omitted). Thus, a merchant's employees must "exercise 'the degree of care which would lead to discovery of most hazards.'" See id.

Notably, in a falling merchandise case, "the plaintiff is not held to the heightened burden of proof set forth in La.Rev.Stat. 9:2800.6B, which specifically refers to 'falls.'" But the plaintiff must prove more than the mere occurrence of an accident. In analyzing the standard applied in falling merchandise cases, the Louisiana Supreme Court has instructed that

> [A] plaintiff who is injured by falling merchandise must prove, even by circumstantial evidence, that a premises hazard existed. Once a plaintiff proves a prima facie premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures.
>
> To prevail in a falling merchandise case, the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, *and* (3) that the merchant's negligence was the cause of the accident: the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually it does fall. Only when the customer has negated the first two possibilities *and* demonstrated the last will he or she have proved the existence of an "unreasonably dangerous" condition on the merchant's property.

Davis v. Wal-Mart Stores, Inc., 774 So. 2d 84, 90 (La. 2000) (internal quotations and citation omitted)(emphasis added). As the state high court has observed, "[p]roof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not." Smith v. Toys "R" Us, Inc., 754 So.2d 209 (La. 1999)(quoting Lasha v. Olin Corp., 625 So. 2d 1002 (La. 1993)).[3]

---

[3] In Smith, the Louisiana Supreme Court held that the customer's testimony that the toy fell without being touched by her was sufficient to support the trial court's finding that store employees caused the toy to be in an unreasonably dangerous position.

III.

The dispute here is whether the plaintiff has raised a genuine fact issue regarding whether Target's negligence caused the box of merchandise to fall on her.  Target contends that the plaintiff cannot carry her burden on the third element of her falling merchandise claim because she has not participated in discovery and has not presented any evidence that establishes Target's negligence caused her injury.  The plaintiff counters that the inferences that may be drawn from the circumstantial evidence she submits indicates that Target created a hazardous condition.  A factual dispute on the issue of whether Target's negligence caused the box to fall precludes summary judgment.  This case is fact-intensive, making summary relief patently impossible.

During her deposition, the plaintiff stated that there was a flat cart (which she distinguished from a customer cart) in the aisle that was "piled high" with cardboard boxes containing unpacked inventory; so high was the merchandise stacked that the "stuff" on the cart was taller than she is.  (The plaintiff is 5 feet 10 inches tall).  She was standing about one to two feet away from the cart for a few minutes, comparing two cleaning product labels, when the 12 pound box of unpacked Swiffer wet jet refills hit her arm at her elbow.  When Ms. Monnerjahn exclaimed, the Target employee at the other end of the aisle looked up and asked whether the box fell and hit her; when Ms. Monnerjahn confirmed

that it did, the Target employee went to get the manager. After the box hit Ms. Monnerjahn, she looked at the cart and observed that the boxes containing unpacked inventory "were just put on there any kind of way. There was no organization at all."

The plaintiff presents both direct and circumstantial evidence.[4] Reading these facts in the light most favorable to the plaintiff: the plaintiff and the Target employee were the only people present on the aisle at the time the box fell; they were at opposite ends of the aisle; the plaintiff claims she did not disturb the cart or its contents but, instead, had been inspecting product labels for about three minutes before the box fell on her; after the box fell on her, the plaintiff noticed that the boxes were stacked in an unorganized fashion; the cart was stacked with unpacked inventory, possibly so that employees could unload the contents of the boxes onto shelves for display for customers.

Summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. A genuine dispute as to a material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."

---

[4]The plaintiff "does not have to conclusively exclude all other possible explanations for his injuries" but, rather, "must produce evidence from which the factfinder can reasonably conclude that his injuries, more probably than not, were caused by the negligence of the particular defendant." See Smith, 754 So.2d at 213 (La. 1999)(citations omitted).

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). On this record, a genuine dispute has been raised as to whether the condition of the allegedly haphazardly-stacked boxes of unpacked inventory on the cart presented an unreasonable risk of harm. Whether the plaintiff ultimately persuades a factfinder on the issue of Target's negligence must await trial.

    Accordingly, the defendant's motion for summary judgment is hereby DENIED.

New Orleans, Louisiana, October 16, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE